IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES LYONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:19-cv-38-WKW-SRW |
| HENRY COUNTY SHERIFF'S OFFICE, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION[1]

Plaintiff Charles Lyons, proceeding *pro se*, initiated this lawsuit by the filing of a complaint against defendant Henry County Sheriff's Office on January 10, 2019. (Doc. 1). Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915, which provides that

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court granted plaintiff *in forma pauperis* status, but entered an order deferring service of process for the purpose of conducting a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 7). While the court has determined that plaintiff lacks the resources necessary to pay the filing fee, it concludes, upon its

---

[1] By order entered January 15, 2019, the District Judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. (Doc. 6).

1

review of the complaint, that plaintiff's complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In relevant part, § 1915(e) provides: "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915 (e)(2)(B)(ii).

"Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Jones v. Brown*, 649 F. App'x 889, 890 (11th Cir. 2016) (citing *Mitchell*, *supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Id.* This court has reviewed plaintiff's complaint in light of the foregoing principles.

In his complaint, plaintiff alleges that his Fourth Amendment rights have been violated. (Doc. 1 at 4). He claims that his house was illegally searched and his property seized. *Id.* He maintains that he was arrested/charged without a search warrant by Henry County deputies on February 1, 2017, and that he was wrongfully imprisoned and falsely arrested. *Id.* He alleges that the Henry County Sheriff's Office committed gross negligence.

*Id.* He maintains further that "[t]he deputy knowingfully and willingfully [sic] filed charges with no warrant to justify the arrest which would cause me to lose my job, pay an excessive bond to be released and ordered to follow strict bonding requirements/check-ins, toll on mental health/depression." *Id.* at 5. Plaintiff seeks damages in the amount of $400,000 for violations of his Fourth Amendment rights; $200,000 for wrongful imprisonment; $200,000 for false arrest; $200,000 for gross negligence; and $500,000 in punitive damages. *Id.* The only defendant named in the complaint is the Henry County Sheriff's Office. *See* Doc. 1.

Plaintiff's allegations are vague and conclusory, and they fail to allege facts sufficient to support a plausible claim for relief as required by *Iqbal*. *See Iqbal,* 556 U.S. at 678. Moreover, plaintiff's claims against Henry County Sheriff's Office fail as a matter of law. In order to state a viable section 1983 claim, the defendant must be an entity that is subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. at 1214 (citation and quotation omitted). In Alabama, a sheriff's department is not subject to suit, because a sheriff's department is not a legal entity under Alabama law. *See Ex parte Haralson*, 853 So.2d 928, 931 (Ala. 2003) ("[i]t is clear under Alabama law that the sheriff's department is not a legal entity subject to suit"); *White v. Birch*, 582 So. 2d 1085, 1087 (Ala. 1991) (cause of action against Chambers County Sheriff's Department could not be maintained because it was not a legal entity subject to suit). *See also Dean*, 951 F.2d at 1214 (an Alabama county sheriff's department "is not subject to suit or liability under section 1983."); *Brooks v. Arrington*, 2014 WL 6836444, at *2 (N.D. Ala. Dec. 3,

2014) (dismissal of Blount County Sheriff's Office and Correctional Facility warranted because sheriff's departments and police departments are not legal entities subject to suit under 42 U.S.C. § 1983). Accordingly, plaintiff's claims against the Henry County Sheriff's Office are due to be dismissed.

Even if plaintiff had properly named the government official representing the entity as a defendant, plaintiff's claims would still fail against the Sheriff's Office, as plaintiff has not alleged a policy or custom that was a moving force behind the alleged constitutional deprivations. It is well-settled that a governmental entity can be held monetarily liable only for the execution of a governmental policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[M]unicipalities and other bodies of local government are 'persons' within the meaning of [§ 1983 and] may therefore be sued directly if [they are] alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers … [or] for 'constitutional deprivations visited pursuant to governmental custom.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690–91). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. "Regardless of whether the basis of the claim is an officially promulgated policy or an unofficially adopted custom, it must be the 'moving force behind the constitutional deprivation before liability may attach.'" *Fundiller v. City of Cooper*

*City*, 777 F.2d 1436, 1442 (11th Cir. 1985) (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). Construing the *pro se* plaintiff's allegations liberally, the complaint fails to point out any policy or custom that could give rise to potential liability against the governmental entity, even if it were properly named.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B). It is further

ORDERED that **on or before April 24, 2019**, plaintiff may file an objection to this Report and Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 9th day of April, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge